IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GINA HUMBLE | § § § | |
| Plaintiff | § § | |
| v. | § § § | C.A. No. 5:19-cv-1247 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | § § § § | |
| Defendant. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Life Insurance Company of North America ("LINA") files this Notice of Removal and would respectfully show as follows:

**Procedural Background**

1. LINA is party to an action commenced against it by Plaintiff Gina Humble in the 57th Judicial District Court of Bexar County, Texas, captioned as Cause No. 2019CI17585, *Gina Humble v. Life Insurance Company of North America* (the "state action"). True copies of all process, pleadings and orders served on LINA in the state action are attached hereto as Exhibit "A" with an index of same.

2. LINA was served with Plaintiff's Original Petition in the state action (the "Petition") on September 24, 2019. Thus, this Notice of Removal is timely filed.

**Federal Question Jurisdiction**

3. This Court has federal question jurisdiction over this litigation, because the claims alleged in the Petition are ones exclusively governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, as amended ("ERISA").

4. In the Petition, Plaintiff seeks disability insurance benefits allegedly due to her under LINA Policy No. SGD-600855 (the "Policy"). *See* Exhibit B: Petition, p.1, §3. The Policy is a group policy issued by LINA to Communities in School. The Policy funds benefits under the Communities in Schools of Central Texas Health & Welfare Plan (the "Plan"), which is an "employee welfare benefit plan" as that term is defined by Section 3(1) of ERISA. A true and correct copy of the policy, ERISA Coverage Worksheet, and ERISA Appointment of Claim Fiduciary, showing that it is governed by ERISA, are attached collectively hereto as Exhibit C.

5. Because the claims in the Petition are claims to recover benefits and to enforce Plaintiff's rights under the Plan, the relief sought is available exclusively under ERISA Section 502. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60-66 (1987). It is well-settled that Congress has so completely preempted the area of ERISA law that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64; *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003); *Boren v. N.I. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989). Therefore, the claims pleaded in the Petition are completely preempted by ERISA.

6. For the reasons detailed above, the claims pleaded in Plaintiff's Petition are ones over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 1132(e)(1). In addition, this Court has supplemental and pendant jurisdiction over the state claims in the Complaint, if any.

2807587v.1

**Diversity Jurisdiction**

7. Additionally, and in the alternative, removal is proper as there is complete diversity between the proper parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).[1]

8. Plaintiff is now, and was at the time this state action was filed, a citizen and resident of Bexar County, Texas. *See* Exhibit B: Petition, § 4.

9. LINA is now, and was at the time this state action was filed, a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. As such, LINA is a citizen of the Commonwealth of Pennsylvania and it was so at the time the state action was filed.

10. The facts alleged in Plaintiff's Petition demonstrate by a preponderance of the evidence that Plaintiff's claim exceeds $75,000. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition ... that support a finding of the requisite amount." *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

11. In the Petition, Plaintiff makes a claim for long term disability ("LTD") benefits. *See* Exhibit A: Petition, at §§2-3. Plaintiff alleges further that, because LINA declined to pay the requested benefits, the insurance company is liable for breach of contract (for which she seeks

---

[1] LINA expressly denies that Plaintiff is entitled to benefits under the Policy and asserts that Plaintiff's state law benefits are preempted by ERISA. However, the facts placed into controversy by Plaintiff at this time require a review of the Petition and Policy documents in order to determine whether it is facially apparent that the claim likely exceeds $75,000. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

past due short term disability benefits and long term disability benefits past and future), a violation of Texas Insurance Code §542.051-061, breach of duty of good faith and fair dealing, fraud, and violation of Texas Insurance Code section 542.055 9a)(2)-(3), the Prompt Pay Act, which allegedly entitles her to interest in the amount of "18% per annum in addition to the amount of her claim, plus attorneys' fees." *See* Exhibit A: Petition, at pp. 12-23.

12. Plaintiff affirmatively avers that she is seeking recovery of $1,851.30 per month in benefits, and is 45 years old. *See* Exhibit A: Petition, at §§9, 19. The Policy provides for termination of benefit for eligible participants at age 65. Exhibit B, Policy, p. 4. Thus, it is facially apparent from the Petition that Plaintiff's claim exceeds $75,000.

13. Additionally, a plaintiff who prevails on a cause of action under the Texas Insurance Code may be awarded "the amount of actual damages, plus court costs and reasonable and necessary attorney's fees," as well as statutory interest at the rate of 18% and treble damages. *See* Tex. Ins. Code. § 541.152(a)(1), (b); § 542.060. Such statutory damages, attorneys fees, and interest under the Texas Insurance Code "must be included in calculating the amount in controversy" for the purpose of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Thus, although LINA denies that Plaintiff is entitled to such relief, it is apparent from the face of Plaintiff's Petition that her claim exceeds $75,000 for purposes of diversity jurisdiction. Therefore, because Plaintiff's claim for damages potentially exceeds the jurisdictional amount, this Court may exercise diversity jurisdiction over this case.

14. Accordingly, this matter may properly be removed by LINA to the United States District Court for the Western District of Texas, San Antonio Division.

Notice Given

15. LINA has given notice of this Removal to Plaintiff and to the 57th Judicial District Court of Bexar County, Texas.

WHEREFORE, Defendant Life Insurance Company of North America prays that this action be removed to the United States District Court for the Western District of Texas, San Antonio Division, from the 57th Judicial District Court of Bexar County, Texas.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: /s/ Linda P. Wills
Linda P. Wills
Texas Bar No. 21661400
Federal I.D. No. 12566
Elvia Hague
State Bar No. 24068070
909 Fannin, Suite 3300
Houston, Texas 77010
Telephone: 713-353-2000
Telecopy: 713-785-7780
Linda.Wills@WilsonElser.com
Elvia.Hague@WilsonElser.com

ATTORNEYS FOR DEFENDANT
LIFE INSURANCE COMPANY OF NORTH AMERICA

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 21st day of October, 2019.

*Via e-service*
Marc Whitehead & Associates

2807587v.1

403 Heights Blvd
Houston, Texas 77008

*/s/ Linda P. Wills*
Linda P. Wills